## BRIER ET AL. *v.* ROSEBROCK.

[No. 10,703.  Filed May 31, 1921.  Rehearing denied October 4, 1921.]

1. REFORMATION OF INSTRUMENTS.—*Reformation of Deed.—Action.— Complaint.— Sufficiency.—* A complaint alleging that plaintiff had conveyed to defendants by mutual mistake, land other than that which he had agreed to convey, and praying that plaintiff's title to the land so mistakenly conveyed be quieted and for all other proper relief, was sufficient to authorize the reformation of plaintiff's deed, though the complaint did not in express terms ask for such relief.  p. 292.

2. REFORMATION OF INSTRUMENTS.— *Reformation of Deed.— Complaint.—Motion to Make Specific.—Agreement to Convey. —Presumption.—*In an action for the reformation of a deed which plaintiff claimed conveyed more land than he had agreed to convey to defendants, in the absence of an allegation to the contrary the presumption is that the agreement to convey was oral, and it was not reversible error to overrule a motion to make the complaint more specific by requiring plaintiff to state whether the agreement was oral or written.  p. 292.

3. REFORMATION OF INSTRUMENTS.—*Reformation of Deed.—Action.—Evidence.—Sufficiency.—*In an action for the reformation of a deed claimed by plaintiff to convey more land to defendant than he had agreed to convey, evidence *held* sufficient to sustain a finding by the trial court that by mutual mistake of the parties the deed included land which the plaintiff had not sold or agreed to sell.  pp. 293, 295.

4. REFORMATION OF INSTRUMENTS.— *Reformation of Deed.— Failure by Grantor to Read Deed.—Right to Relief.—*In an action to reform a deed claimed by plaintiff grantor to include, by mutual mistake of the parties, more land than he had agreed to convey, the failure of plaintiff, who was seventy-nine years of age and not physically strong, to read the deed before its execution *held* insufficient under the evidence to prevent reformation, though the alleged erroneous description in the deed was given the scrivener by plaintiff's agent, and plaintiff had the deed in his possession over night before signing it.  p. 295.

5. QUIETING TITLE.—*Mistake in Deed.*—*Right to Relief.*—*Reformation of Deed.*—Where a party has through mistake conveyed away land, he must have the deed corrected before he is entitled to have his title quieted as to the land so mistakenly conveyed, or before he can recover it, and if he is not entitled to have his deed reformed, he is not entitled to have his title quieted. p. 296.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by Frederick William Rosebrock against Henry F. Brier and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Kivett & Kivett* and *Walker & Hollett,* for appellants.
*John E. Sedwick* and *David A. Myers,* for appellee.

McMAHAN, J.—Appellee entered into an agreement to convey certain real estate to Henry F. Brier hereafter referred to as appellant. A deed of conveyance was executed which through a mutual mistake, as appellee claims, included other land than that which he agreed to convey. This is an action by appellee. His complaint is in two paragraphs: the first alleges that appellee is the owner of and entitled to the possession of certain real estate; that appellant claims some interest therein which is without right and casts a cloud upon appellee's title; that said real estate by mutual mistake of appellee and appellant was included with other real estate in a deed executed by appellee to appellant, and asking that the title be quieted in the appellee and for all other proper relief. The second paragraph alleges appellee agreed to sell certain real estate to appellant; that subsequently thereto a deed was executed by appellee to appellant which by mutual mistake of the parties included other land not included in the agreement, and asking that the deed be reformed and for all other proper relief.

Appellant's several motions to strike out part of the first paragraph of complaint, and to make the second paragraph more specific and his demurrer to the first

paragraph being overruled, the issues were closed by a general denial.

The court found the facts specially and stated its conclusions of law to the effect that appellee was the owner of the land and that his title should be quieted. The decree followed the conclusions.

The court found that appellee had entered into an oral agreement with appellant, whereby he agreed to convey to appellant a certain tract of land; that later appellee executed a deed to appellant which the parties intended to be in consummation of said agreement, but by mutual mistake of the parties and of the party who drafted the deed, certain real estate which appellee had not sold or agreed to sell was included therein in addition to that described in the agreement and which appellee had sold, and that appellee had demanded a reconveyance of the land so mistakenly included in the deed.

The only objection urged against the first paragraph of complaint is that it does not in express terms ask that the deed be reformed. The prayer is that appel-

1. lee's title be quieted and for all other proper relief. This is sufficient to authorize a reformation of the deed. There was therefore no error in overruling the demurrer. The overruling of the motion to strike out part of the complaint was not reversible error.

Appellant in his motion to make the second paragraph of complaint more specific asked that appellee be required to state whether the alleged agreement

2. was oral or written and if written to file a copy with the complaint. In the absence of an allegation to the contrary the presumption is that the agreement was oral. The complaint must therefore be construed the same as if it had alleged that the agreement was oral. There was no reversible error in over-

ruling this motion as the complaint was grounded on an oral agreement.

The next contention is that the decision of the court is not sustained by sufficient evidence.

The evidence relating to what property appellee agreed to convey and whether there was a mistake in describing it in the deed is conflicting and in-

3. capable of being reconciled. Appellant claims that there was a written agreement wherein the property was described just as it was described in the deed, and that there was no mistake in the description contained in the deed. No written agreement was produced at the trial and appellee testified that he did not sign any agreement. The land described in the deed is irregular in shape, the greater part of which lies west of what is called a private alley. Appellee at one time owned the land on both sides of this alley, but he had sold several lots east of it before the sale to appellant, and in several of the deeds had agreed to throw out a fourteen foot alley immediately west of the lots so sold. The alley had been opened and used by the public nineteen or twenty years and was marked by fences. Appellee owned the land west of the alley and also a lot fifty-six feet wide lying at the north end and east of the alley on which there was a brick house. When the agreement between appellee and appellant was entered into there was a small barn in the rear of the brick house. A greater part of this barn was in the alley, a part extending over on the land west of the alley. This barn was used in connection with this house, and was so located that when any one desired to pass through that end of the alley it was necessary to turn to the west on to the land west of the alley.

Appellee and the agent who negotiated the sale testified that the agreement was that appellee was to sell to appellant the land west of the alley; that the land

west of the alley was pointed out and shown to appellant; that appellant asked if the lot east of the alley with the house was to be included and was informed that it was not; that he was told that the barn belonged to the lot on which the house stood and that appellee would move it across to the east side of the alley. The agent who had the land for sale wrote out the description from the plat, and mistakenly, according to appellee's contention, included the alley and the lot on which the brick house stood. This description was given to an abstracter by the agent for the purpose of having an abstract made. Later the abstract was given to appellant's attorney who drafted the deed from the description in the abstract. The deed was then given to appellee who kept it over night, after which he signed it without reading it, but with the belief that it was a deed for the land west of the alley. A day or two later he discovered that it described the land covered by the alley, and the house and lot east of the alley. He immediately called the attention of appellant to the mistake, and demanded that appellant reconvey the land included in the alley and the lot east of it. He also offered to return the entire purchase price and take back the whole of the land, but appellant refused to make any conveyance, and claimed all the land described in the deed. Appellant testified on the trial that the whole of the land was included in the agreement and that he would not have purchased the property unless the lot on which the house stood had been included. As before stated the evidence upon this subject is conflicting to the point where it cannot be reconciled. The court however found the facts to be as claimed by appellee.

Appellant also contends there was no mistake in the preparation of the deed for the reason that the attorney

who drafted it wrote it according to the description furnished by appellee's agent, and argue

4.

that the mistake, if any, was not mutual, and that since appellee had the deed in his possession over night and signed without reading it, he was negligent to a degree that will prevent a reformation of the deed even though it does include land other and in addition to that which the parties intended should be conveyed. The attorney who drafted the deed is not the one who in fact made the mistake. The mistake was made when the description was given to the abstracter and through a mutual mistake of all the parties was carried into the deed. Appellee was a man seventy-nine years of age and not physically strong and we do not think his failure to read the deed is sufficient under the evidence in this case to prevent a recovery.

The house and lot east of the alley were worth from $1,200 to $1,400. The land west of the alley was worth from $5,000 to $6,000. Appellee had prior

3.

thereto refused to sell the part west of the alley for $5,000. His son was about to leave to enter the war, and on account of his age appellee wanted to sell the land west of the alley. Appellant desired to purchase this property and entered into negotiations with the agent and at different times asked the agent to see appellee and get his price. This was done. The price named was $5,000 on time, and was later changed to $4,750 cash, which was the amount finally agreed upon and was the amount actually paid by appellant. Two witnesses testified that appellant had stated that he did not know that he had bought the land covered by the alley and the house and lot east of the alley until he got his deed. The testimony of these two witnesses stands uncontradicted, and is sufficient to justify a finding of an admission by appellant that the land in question was inserted in the deed by mistake.

We are satisfied that the evidence is sufficient to sustain the facts as found by the court.

Appellant contends that the court erred in the admission of testimony as to the value of the land, the fact that appellee had sold certain lots east of the alley and had agreed to open an alley in the rear of the lots so sold, and in permitting appellee to recall witness Kaiser after both parties had rested their case. Appellant has failed to show that he made any objections to the action of the court in regard to these matters or that any exceptions were saved. We have, however, given all these questions consideration and hold that the court committed no error. There was no error in overruling the motion for a new trial.

The next contention is that the court erred in its conclusion of law wherein it stated that appellee was entitled to have his title quieted. It will be observed that the court found that there was a mutual mistake made in the deed, in that it was not the intention or understanding of the parties that the land included in the alley and the house and lot east of the alley should be included in and described in the deed. Neither was there any decree correcting nor reforming the deed.

The law is that where a party has through a mistake conveyed away land, he must have the deed corrected before he is entitled to have his title quieted as to the land so mistakenly conveyed, or before he can recover the same. If he is not entitled to have his deed reformed, he is not entitled to have his title quieted. *Popijoy* v. *Miller* (1892), 133 Ind. 19, 32 N. E. 713; *Earl* v. *Van Natta* (1902), 29 Ind. App. 532, 64 N. E. 901. Such deed may, however, be reformed and enforced in the same action. *Smith* v. *Kyler* (1881), 74 Ind. 575.

On authority of these cases we hold that the court erred in its conclusion that appellee was entitled to have

his title to the land quieted without reforming the deed. Before there can be a decree quieting title there must be a conclusion that the deed should be reformed so as to describe the land in accordance with the intention of the parties.

Judgment is reversed with direction to the court to restate its conclusions of law in harmony with this opinion and to render a decree accordingly. All costs subsequent to the rendition of the decree from which this appeal is prosecuted are taxed against appellee. All other costs are taxed against appellant.