BRAGDON ET AL. *v.* BRUCE ET AL.

[No. 17,985. Filed May 26, 1950. Rehearing denied June 28, 1950.]

*Clifford L. Hardy* and *Ray D. Grimes,* both of Indianapolis, for appellants.

*Armstrong & Gause;* and *Harry C. Hendrickson,* both of Indianapolis, for appellees.

CRUMPACKER, J.—This action was commenced by Margaret T. Bruce, since deceased, and now represented by George Q. Bruce as the executor of her last will and testament. Its purpose is to quiet title to certain real estate in Marion County, Indiana. The complaint is in the usual short form and merely alleges that the plaintiff owns the real estate involved and that the defendants, who are the appellants herein, claim and assert some interest or title therein adverse to hers. That said claims are unfounded and without right and she asks that her title to said real estate be quieted against the same. Issues of fact were joined and tried to the court which found for the plaintiff and rendered judgment accordingly. The defendants appealed and here assert that the decision of the court is contrary to law.

This litigation has its origin in a warranty deed executed by said Margaret T. Bruce to Elmer O. Roberts and Archie M. Dial on May 3, 1937, and recorded on February 23, 1939, in the office of the recorder of Marion County, Indiana. Whatever title vested in Roberts and Dial by virtue of said deed now rests in the appellants through a series of mesne conveyances. It is agreed by the parties that said deed of May 3, 1937, conveyed more real estate than the grantor intended to sell and the grantees intended to buy. The appellants contend that such excess real estate was included in the deed through the mutual mistake of the parties thereto and that, under such circumstances, the appellee cannot quiet title thereto without first reforming the deed, which the complaint

does not seek nor did the court decree. On the other hand the appellee contends that the deed as originally written and executed was correct but, after delivery and before recording, someone unknown to the grantor and without her consent changed the description of the real estate conveyed in such manner as to include that now in dispute. That this constituted a spoliation of the deed and therefore there never was a conveyance of that part of the real estate to which she seeks to quiet title and consequently no deed to reform.

Both parties are right as to the law applicable to the facts for which they contend. This court said in *Brier* v. *Rosebrock* (1921), 76 Ind. App. 290, 131 N. E. 243: "The law is that where a party has through a mistake conveyed away land, he must have the deed corrected before he is entitled to have his title quieted as to the land so mistakenly conveyed, or before he can recover the same. If he is not entitled to have his deed reformed, he is not entitled to have his title quieted." For similar holdings see *Popijoy* v. *Miller* (1892), 133 Ind. 19, 32 N. E. 713; *Earl* v. *Van-Natta* (1902), 29 Ind. App. 532, 64 N. E. 901.

It is equally well settled that changes made by a stranger to a deed, acting without privity or consent of the parties, whereby the description is enlarged to include additional real estate, vests no title whatever to such excess in the immediate or remote grantees and there is no occasion to reform the deed before quieting title to such part of the real estate as was not originally described. *Bercot* v. *Velkoff* (1942), 111 Ind. App. 323, 41 N. E. 2d 686; *John* v. *Hatfield* (1882), 84 Ind. 75.

It would seem at first blush that the question before us is one of fact and, the trial court having found spoliation, the matter is settled. The appellants contend however that the evidence is undisputed and all one

way and its effect is therefore a matter of law which, when misapprehended by the trial court, is subject to review. *First Nat. Bank* v. *Farmers, etc. Bank* (1908), 171 Ind. 323, 86 N. E. 417; *Smetanka* v. *Inland Steel Co.* (1927), 86 Ind. App. 578, 158 N. E. 909; *Field* v. *Campbell* (1905), 164 Ind. 389, 72 N. E. 260. In other words the appellants assert that the legal effect of all the evidence in this case is to establish a mutual mistake of the parties and that there are no facts to which the court could have applied the law of spoliation.

Were it within our province we might agree that the preponderance of the evidence supports the theory of mutual mistake but we cannot concede that all of the evidence is one way. The witness George Q. Bruce testified that he saw the deed when his sister Margaret T. Bruce signed it and that the description in the deed as recorded was not the same and indicated in what respects it had been changed. The appellants characterized this as unsubstantial evidence, being the conclusion of a lay witness. It is true that generally such conclusions are objectionable but the opinions of non-experts are often admissible in evidence, provided they are not mere inferences or conjectures, but are based on facts which appear in evidence. *Western & Southern Life Ins. Co.* v. *Danciu* (1940), 217 Ind. 263, 26 N. E. 2d 912, 27 N. E. 2d 763. The witness detailed the changes that appeared in the recorded deed and his conclusion that the description therein was not the same as when said deed was originally executed, was not improper.

The original deed in controversy was not produced at the trial for reasons that do not appear. However a photostatic copy thereof, as it appears of record, was exhibited to the witness George Q. Bruce who thereupon testified that the deed, of which the exhibit was a purported copy, had been cut

in two parts just above the "In witness whereof" clause and that the lower part, which includes the grantor's signature and her acknowledgment thereof, was then attached to the upper part of another deed containing the enlarged description. The record indicates that this testimony was largely the opinion of the witness based on a line shown in the photograph which, he concluded, shows where the deed was cut. This evidence was developed entirely by the appellants on cross-examination and they subsequently sought to impeach it by a deputy recorder of Marion County who testified that the line referred to by Bruce was caused by folding the deed preparatory to photostating. There were no objections to any of this testimony and its propriety is not before us for determination. These comments concerning the record are sufficient, we think, to indicate that there is a serious conflict of evidence concerning a vital issue in the case.

The appellants present a strong and convincing argument in support of the mutual mistake theory and indicate many reasons why the trial court would have been justified in discarding the testimony of George Q. Bruce as of no probative value. Such argument however did not prevail below nor did the court see fit to disbelieve said witness. The issue rested exclusively with the trial court to determine and we are constrained to regard the matter as settled.

Even so the appellants insist there is no evidence whatever to indicate that a stranger to the deed and not a party thereto made the changes therein found by the court and therefore the doctrine of spoliation has no application. An examination of the record discloses ample justification for the finding of the court that said changes were made by "some one unknown" and without the knowledge and

consent of the grantor. A similar finding in the case of *Bercot* v. *Velkoff, supra,* was held to show spoliation.

Judgment affirmed.

NOTE.—Reported in 92 N. E. 2d 646.