CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC
RAILROAD COMPANY *v.* COX

[No. 15,351. Filed May 3, 1937.]

*Bert Beasley,* and *Allen, Hastings & Allen,* for appellant.

*Frank E. Gilkison, Charles G. Gardiner,* and *Padgett & Rogers,* for appellees.

LAYMON, J.—This is an action by appellee against appellant to recover damages for injuries alleged to have been sustained by appellee in the year 1929, while engaged in the repair of a locomotive engine at appellant's roundhouse in Bedford, Ind. Appellee alleged that the injuries were incurred in the course of his employment, due to the alleged negligence on the part of appellant in furnishing appellee with defective working tools and in furnishing a defective base upon which the appliances were required to be used.

Appellee filed his complaint in three paragraphs drawn under the Employers' Liability Act (Acts 1911,

p. 145, §40-1101 et seq. Burns' 1933, §10100.1 et seq. Baldwin's 1934).

At the beginning of the trial appellee was permitted to amend each paragraph of complaint over the written objections of appellant by inserting an allegation to the effect that the locomotive engine upon which he was assisting in the repair was engaged in train service. The amended complaint alleged in substance that appellant owns and operates a certain line of railway extending within the state of Indiana; that it employs five persons or more; that it maintains and operates a roundhouse in the city of Bedford, Ind., for the maintenance and minor repairs of its locomotive engines; that on the day in question appellee was engaged as a workman in the employ of appellant in the repair of its locomotive engines at said roundhouse, under the direction and supervision of the foreman and inspector in charge; that appellee was ordered to, and did, assist in the repair of one of appellant's locomotive engines which was engaged in train service; that said repairs were made on the engine while it was stationed in the roundhouse; and that in the act of repairing said engine, in the use of a defective jack and defective base, appellee was injured. We deem it unnecessary to set out in detail the allegations disclosing the injuries and damages complained of.

A motion to make each paragraph of amended complaint more specific was overruled. Appellant thereafter unsuccessfully demurred to each paragraph of amended complaint for want of facts and thereupon filed its answer in four paragraphs, in substance: General denial; the cause of action was not commenced, pleaded, or filed within two years after the cause arose; the cause of action did not accrue within two years before the commencement of this action; the original complaint was amended after the expiration of two

years from the time the cause of action arose, and the amendment was a statement of a new and distinct cause of action. To the affirmative answer appellee replied in general denial.

A trial by the court and jury resulted in a verdict and judgment for appellee awarding him damages. From this judgment appellant appealed and assigned as error: (1) The overruling of appellant's demurrer to each paragraph of amended complaint; (2) the granting of leave to re-file the complaint as amended; (3) the overruling of appellant's motion to make each paragraph of amended complaint more specific; and (4) the overruling of appellant's motion for a new trial. The causes set out in the motion for a new trial are substantially: The verdict is not sustained by sufficient evidence; the verdict is contrary to law; the court erred in the giving and refusal of certain instructions; and the court erred in the admission of certain evidence.

The principal question presented in this appeal is, Was appellee engaged in train service within the meaning of section 2 of the Indiana Workmen's Compensation Act (§40-1202 Burns 1933, §16378 Baldwin's 1934) at the time of his injury, so as to exempt him from the provisions of the act? Said section provides in part: "This act shall not apply to railroad employees *engaged in train service.*" The controlling facts in the case upon this question are not in conflict. The evidence being undisputed, its effect becomes a matter of law for the court. *Smetanka etc.* v. *Inland Steel Co.* (1927), 86 Ind. App. 578, 158 N. E. 909.

The evidence discloses that appellee was injured while assisting in making light repairs on locomotive engine No. 8262 in appellant's roundhouse located at Bedford, Ind.; that the engine in question, pulling a freight train, entered the said city of Bedford on appellant's tracks

about 4:25 a. m. on June 18, 1929; that upon arriving at said city of Bedford the engine was detached and sent to the appellant's roundhouse for minor repairs, consisting of the replacement of a brass bearing. Whereupon the train of freight cars was broken up, and the cars were distributed to various points. The engine remained in the roundhouse from two to three hours. Not all of the fire was removed from the fire box, and steam was left in the engine. During the time the engine was in the roundhouse, appellee, while assisting in its repair, was injured. Appellee's general employment was that of a machinist's helper in the roundhouse. A short time prior to appellee's injury, the engine which was being repaired was called to assist in moving a train of cars from the city of Bedford, Ind., to Odon, Ind. After the injury occurred and the repairs were completed, the engine was taken from the roundhouse and did, on the same day, assist in the movement of a train from said city of Bedford to Odon, Ind.

It must be conceded in this case, before a recovery can be had, that appellee allege and prove himself exempt from the provisions of the Indiana Workmen's Compensation Act. *American Coal Mining Co.* v. *Lewis, Admr.* (1922), 77 Ind. App. 394, 133 N. E. 846.

Appellee contends, under this state of facts, that said engine No. 8262 had never been withdrawn from train service; that only light repairs were made; that his injury occurred at a time when said engine was under call to proceed with a train; that said engine did subsequently proceed with a train; and that consequently appellee was engaged in train service within the meaning of the Workmen's Compensation Act and thereby exempt from its provisions.

In the case of *Squibb* v. *Elgin, Joliet & Eastern Ry. Co.* (1934), 99 Ind. App. 136, 141, 190 N. E. 879, the

court was asked to determine whether an employee engaged exclusively in switching cars from one part of the local yard to another was engaged in train service within the meaning of the term employed by section 2 of the Indiana Workmen's Compensation Act. This court said:

> "We think that this statute should be construed to include railway employees who are actually engaged in the movement of trains, which means a connected line of cars or carriages on a railroad being transported from one terminal to another, and does not mean a mere movement of cars in a switch yard either for the purpose of making up trains, or placing them in one part of the yard from another. It would be a stretch of imagination to hold that appellant, in the act of switching at the time of his injury, while performing his duties as a switchman, should be held to be engaged in 'train service' and thus to exclude him from the provisions of the Workmen's Compensation Act.
>
> "Appellee in its brief has referred to cases defining train service and as to what constituted a train. Most of these cases have to do with the Federal Safety Appliance Act; however, the case of *Detroit City Ry.* v. *Mills et al.* (1891), 85 Mich. 634, 48 N. W. 1007, is quoted as stating that a train is a 'continuous or connected line of cars or carriages on a railroad.' This quotation is taken from a Federal case cited by appellee in its brief. Webster's Dictionary is quoted as defining a train as a 'connected line of cars, etc., on a railroad.' There is no substantial similarity between the ordinary train service of a railroad company and switching operations in its yards; at least no such similarity as to justify the conclusion as a matter of law that they are the same. *Lynch* v. *Great Northern Ry. Co.* (1910), 112 Minn. 382, 128 N. W. 457."

And the court held that the employee, being a switchman employed in a switch yard and in the business of switching cars, was not engaged in train service, and, so far as section 2 of the Workmen's Compensation Act was concerned, was within the meaning of the act and entitled to compensation.

In the instant case, while the engine was not withdrawn from its general use and purpose of assisting in the moving of trains, cars, etc., at the time it was stationed in the roundhouse, it was, however, definitely withdrawn and disconnected from the train which it pulled into the city of Bedford and had completed its journey and ceased its service, so far as this train was concerned, and was thereafter sent to the roundhouse for the purpose of repairs. Under such circumstances the engine was completely denuded of the character of being a part or unit of a train, to-wit, a connected line of cars. After reaching the roundhouse for the repairs, and before appellee was injured, the engine was called to assist in the movement of a train from said city of Bedford to Odon, Ind. The mere fact that this engine was called for subsequent service would not of itself restore or give to it the character of being a part or unit of a train. An engine stationed in a roundhouse and wholly disconnected from a connected line of cars or carriages on a railroad being transported from one terminal to another, which engine has been called to subsequent train service, cannot be said to be actually engaged in the movement of trains at the time and, therefore, is not engaged in train service. The subsequent use made of the engine could not have the retroactive effect of characterizing it as being engaged in train service. The engine, at the time of the repairs, not being engaged in train service, it necessarily follows that appellee was not engaged in train service at the time of receiving his injuries.

Appellee urges that under the Federal Employers' Liability Act, *supra,* employees of railroads are held to be engaged in interstate commerce when engaged in making light repairs on rolling stock not withdrawn from traffic service, and, similarly, that it should be held that appellee was engaged in train service at the time

of his injury. The test employed in cases arising under the Federal Employers' Liability Act, in determining whether an employee is engaged in interstate commerce, is not altogether applicable in determining whether an employee is engaged in train service within the meaning of the Workmen's Compensation Act. The two subjects have a very wide and different meaning. "Commerce" is a term of the largest import. The term "train service" has a very limited concept. It is a term used particularly to denote a connected line of cars or carriages on a railroad being transportated from one terminal to another. The term "train service" is a term that should be applied within the common acceptance and meaning of the term. It was not intended by the legislature to include involved relationships of railroad employees. The term has no application to the general business of the railroad, and because of its common and accepted meaning, we are compelled to apply it to employees who are engaged in the movement of trains. An employee might be engaged in interstate commerce (an act in the furtherance of interstate commerce) and not be engaged in the movement of trains (train service). We conclude that appellee was not engaged in train service within the meaning of section 2 of the Indiana Workmen's Compensation Act, so as to exempt him from the provisions of the act.

There are other questions presented for our consideration in this appeal. In view of the conclusion we have reached, however, we deem it unnecessary to discuss them.

Appellant's motion for a new trial should have been sustained. Judgment reversed with directions to sustain the motion for a new trial and for further proceedings consistent with this opinion.

Bridwell, P. J., and Dudine, J., concur.