## MUNCIE FOUNDRY AND MACHINE COMPANY v. COFFEE.

[No. 9,984. Filed October 30, 1917. Rehearing denied January 15, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal from Award.—Review.—Evidence.—Sufficiency.*—A finding of the Industrial Board will be reversed for insufficiency of evidence only when there is no evidence to support it, and will not be disturbed on the ground that the evidence is conflicting. p. 408.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Death of Servant.—Widow's Right to Compensation.*—In a proceedings for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, by a wife for the death of her husband, undisputed facts showing that, prior to the husband's departure for another city to take employment, they maintained a home in which they lived as husband and wife, that when he left she accompanied him to the train, that during his absence and up to the time of his fatal injury he wrote to her regularly once a week, expressing solicitude for her welfare, and each alternate week sent her money in varying amounts, which she expended in keeping up the home, and that finally, shortly before his death, he invited her to join him and arranged for accommodations for her, were sufficient to justify the Industrial Board in finding that they were living together within the meaning of §38 of the act, providing that a wife shall be conclusively presumed to be dependent upon her husband with whom she is living at the time of his death. p. 408.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Totally Dependent.*—Where a wife was living with the husband at the time of his death, she was, under §38 of the Workmen's Compensation Act, Acts 1915 p. 392, totally dependent on him for support. p. 408.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Virgie Coffee against the Muncie Foundry and Machine Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Taylor, Carter & Wright,* for appellant.

*Charles L. Rice* and *Fred Hood,* for appellee.

DAUSMAN, J.—In May, 1916, and for some time prior thereto, Wesley Coffee was a resident of Mound City, Illinois. Unable to find employment in his home town, he came to Muncie, Indiana, in said month, and immediately commenced working for appellant. He continued to work in appellant's factory until December 4, 1916, when his clothing caught in the gear wheels of the machine at which he was working and his body was so crushed and mangled that his death resulted in about five hours. His wife, the appellee herein, petitioned the Industrial Board for an award. A hearing was held at the courthouse at Muncie before the Hon. Charles R. Hughes, a member of said board, who awarded her the sum of $6.60 per week for 300 weeks. Each party made due application for a rehearing by the full board. On review the full board found, among other things: "That the said Wesley Coffee left surviving him the plaintiff, his wife, as his sole and only dependent; that the plaintiff and said Wesley Coffee, at the time of his injury and death, were living together as husband and wife and plaintiff was being supported by him and was wholly dependent upon him." The award was increased by the full board from $6.60 to $8.25 per week, for the reason that decedent's average weekly wage was erroneously stated in the original finding.

The error assigned is that the award made by the full board is contrary to law and appellant's contention is that the evidence does not justify that portion of the finding above set out.

The testimony of nine witnesses was received. From all the evidence it appears that the following facts are not disputed: Appellee and the deceased were duly intermarried on June 16, 1914, and she was

the lawful wife of the deceased at the time of his
death.  From the date of their marriage to the time
he left Mound City he maintained a home there in
which they lived as husband and wife.  He left
Mound City sometime in May, 1916.  When he left
she accompanied him to the train and their parting
on that occasion was decidedly affectionate.  From
Muncie he wrote her a letter each week.  These let-
ters express his affection for her and his solicitude
for her welfare.  He sent her money each alternate
week, sometimes five dollars, sometimes seven dol-
lars, and sometimes ten dollars.  She applied a part
of this money in payment of an indebtedness which
was secured by a mortgage on his house, which mort-
gage had been executed by both of them, a part in
payment of the premiums on a policy of insurance in
the sum of $218 on his life, in which policy she was
named as the sole beneficiary, and the remainder to
her support.  She had no means of support other
than the money he sent her.  In one of his letters he
informed her that he was undecided as to whether he
wanted to live permanently in Muncie and for that
reason he had not sent for her.  On November 25,
1916, eight days before his death, he wrote her a let-
ter in which he directed her to dispose of the house-
hold goods and to apply the proceeds on the mort-
gage, told her to come to him, told her to let him
know what day she could come, and that he would
wire her transportation.  A week before his death
he arranged with his landlady for an additional room
and said that "he was going to bring her (his wife)
there at Christmas.  He said she was coming there
to live."  There was some evidence tending slightly
to show that before he left Mound City there had
been an estrangement between him and his wife and

that he left there with the intention to abandon her.

It was the duty of the board to determine from the evidence, as a matter of fact, whether the wife was living with the husband at the time of his death. §38 Workmen's Compensation Act, Acts 1915 p. 392. This court will not disturb the finding on the ground that the evidence is conflicting. A finding of the board will be reversed only where there is no evidence on which the finding can stand. There is no evidence that appellee had disposed of the household goods, and therefore the presumption prevails that at the time of his death their home at Mound City was still intact, and the board was justified in finding that they were living together within the meaning of the statute. Having found as a matter of fact that she was living with her husband at the time of his death, it follows as a matter of law that she was totally dependent on him for support.

Appellant complains of the action of the board in overruling its motion to postpone the hearing before the full board. But no rule of the board bearing on this point is set out, and the matter is not presented by appellant's brief in a manner that would justify us in deciding it.

The award of the Industrial Board is affirmed.

NOTE.—Reported in 117 N. E. 524. Workmen's compensation: who are "dependents" within meaning of act, L. R. A. 1916A 121, 248, 1917D 157; Ann. Cas. 1913E 480, 1918B 749; review of facts on appeal under act, Ann. Cas. 1916B 476, 1918B 647; what constitutes living together of husband and wife within meaning of act, Ann. Cas. 1915B 880.