## COLGATE AND COMPANY *v.* SMITH.

[No. 12,558. Filed April 21, 1926.]

1. MASTER AND SERVANT.—*On appeal from the Industrial Board Appellate Court will consider only evidence favorable to the finding of the board.*—On appeal from the Industrial Board in a proceeding under the Workmen's Compensation Act, the Appellate Court, in determining the sufficiency of the evidence to sustain a finding of fact, will consider only the evidence favorable to the finding of the board. p. 475.

2. MASTER AND SERVANT.—*On appeal from the Industrial Board finding of the board stands on same footing as a verdict or finding in a trial court.*—On appeal from the Industrial Board in a proceeding under the Workmen's Compensation Act, the finding of the board stands on the same footing as a verdict of a jury or the finding of a trial court. p. 475.

3. MASTER AND SERVANT.—*In a proceeding by a wife under the Workmen's Compensation Act for the death of her husband, whether they were living together is a question of fact for the Industrial Board.*—In a proceeding under the Workmen's Compensation Act by a wife for compensation for the death of her husband, the question whether, at the time of his death, he and the claimant were living together, is one of fact for the Industrial Board. p. 475.

4. MASTER AND SERVANT.—*Workmen's Compensation Act should be liberally construed.*—The Workmen's Compensation Act should be liberally construed, to the end that its humane purposes may be accomplished. p. 475.

5. MASTER AND SERVANT.—*Where injured employee and his wife were not living together at time of his death, the question whether he was under legal obligation to support her is for the Industrial Board.*—Since the amendment of clause (a) of §38 of the Workmen's Compensation Act in 1919 (Acts 1919 p. 158, §9483 Burns 1926), where an injured employee and his wife were not living together at the time of his death, the question of whether the law imposed on the husband the legal duty to support his wife, so that she will be conclusively presumed to be dependent on her husband, is one for the determination of the Industrial Board. p. 476.

6. MASTER AND SERVANT.—*Finding by the Industrial Board that wife of injured employee was living apart from him without her fault at time of his death was finding of fact, imposing*

*burden of supporting wife on husband.*—In a proceeding under the Workmen's Compensation Act by a wife for compensation for the death of her husband, a finding by the Industrial Board that the wife was living apart from her husband without her fault was a finding of fact that imposed the burden upon the husband of supporting the claimant. p. 476.

7. MASTER AND SERVANT.—*Evidence held sufficient to sustain award of compensation to widow of deceased employee living. apart from him at time of his death.*—Evidence *held* sufficient to sustain award of compensation to widow of deceased employee, though they were not actually living together at the time of his death, either on the theory that they were "living together" within the meaning of clause (a) of §38 of the Workmen's Compensation Act (Acts 1919 p. 158, §9483 Burns 1926) or that they were living apart under such circumstances that the law imposed a duty on the husband to support the claimant under the provision of the same clause. p. 478.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Emma Smith for compensation for the death of her husband, Reuben Smith, opposed by Colgate and Company, employer. From an award in favor of the claimant, the defendant appeals. *Affirmed.* By the court in banc.

*Wilmer T. Fox,* for appellant.
*L. A. Douglass,* for appellee.

ENLOE, P. J.—Reuben Smith, an employee of the appellant, died on April 22, 1925, as the result of injuries received by him on April 4, 1925, which injuries were accidentally received and arose out of and in the course of his employment with appellant. He left surviving him his wife, the appellee herein, who filed her application for an award of compensation as the dependent widow of said Reuben Smith. The matter was heard first by a single member of the Industrial Board, and later, on review, by the full board, and resulted in an award of compensation to the appellee as the widow

and sole dependent of said employee, from which award, this appeal is prosecuted.

The specific finding of the Industrial Board which is challenged on this appeal is the finding as to dependency. By the provision of §38 of our Workmen's Compensation Act, certain named and designated persons are, as a matter of law, conclusively presumed to be dependent, and among those who are so conclusively presumed to be dependent are (paragraph "a" of said section) "a wife upon the husband with whom she was living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time." Acts 1919 p. 158, §9483 Burns 1926.

In determining the sufficiency of the evidence to sustain a finding of fact, this court, on appeal, will look only to the evidence which is most favorable to support such finding. Such finding stands on the same footing as a verdict of a jury, or a finding by a trial court. *In re Carroll* (1917), 65 Ind. App. 146, 116 N. E. 844; *Indian Creek Coal, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519.

The first question, therefore, which we have to determine is: Is there any evidence in this record sufficient to sustain a finding that, at the time of the death of said Reuben Smith, he and the appellee were living together? This was a question of fact for the Industrial Board. *Muncie Foundry, etc., Co.* v. *Coffee* (1917), 66 Ind. App. 405, 117 N. E. 524; *Northwestern Iron Co.* v. *Industrial Comm.* (1913), 154 Wis. 97, 142 N. W. 271, L. R. A. 1916A 366, Ann. Cas. 1915D 877; *Travelers Ins. Co.* v. *Hallauer* (1907), 131 Wis. 371, 111 N. W. 527.

Clause "a" of said §38, as originally enacted, (Acts 1915 p. 392) was as follows: "a wife upon a husband with whom she lives at the time of his death." It has been many times held that our com-

pensation act should be liberally construed to the end that its humane purposes may be accomplished. *In re Kelley* (1917), 64 Ind. App. 594, 116 N. E. 306; *In re Betts* (1918), 66 Ind. App. 484, 118 N. E. 551; *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839. Prior to the adoption of our Workmen's Compensation Act, the Wisconsin Act which, as to the clause now under consideration, was the same as our law, was before the Supreme Court of that state for consideration and construction in the case of *Northwestern Iron Co.* v. *Industrial Comm., supra,* and, in passing upon the matter, the court said: "Proof of total dependency is dispensed with under the statute where the husband and wife are 'living together' at the time of the death of the injured employee. It seems, therefore, quite obvious that the legislature intended by the use of the words to include all cases where there is no legal or actual severance of the marital relation, though there may be a physical separation of the parties by time and distance. The 'living together' contemplated by the statute, we think, was intended to cover cases where no break in the marriage relation existed, and therefore physical dwelling together is not necessary in order to bring the parties within the words 'living together.' There must be a legal separation or an actual separation in the nature of an estrangement, else there is a 'living together' within the meaning of the statute. This seems to be the reasonable and practical construction of the law, and the one which we think the legislature intended."

In 1919, clause "a" of said §38 was amended by adding thereto the additional provision: "or upon whom the laws of the state impose the obligation of her support at such time." Acts 1919 p. 158, *supra.* Under the law as it stood prior to this amendment, there might be an estrangement and an

actual separation of husband and wife with no intention on the part of either to resume the marriage relation.   Under such circumstances, the wife, in case of the husband's death, though such separation was entirely because of the husband's fault, could not claim dependency as a matter of law; she was compelled to establish her dependency as a *fact*, and if she had property of her own and was not in *fact* dependent, she was not, under the law, entitled to an award of compensation.   This situation was changed by said act of 1919, and the matter was left, even where there had been an actual separation of the parties, to the Industrial Board for it to investigate and determine whether or not the circumstances of the case were such that the laws of the state imposed upon the husband the obligation to support his said wife, and if the board so found, then to make an award accordingly.   In such a case, the finding of the board that the wife was living apart from her husband, without fault on her part, was a finding of fact, and this fact being found, the law imposed the burden upon the husband of supporting such wife.

At the time of the death of Reuben Smith, he and the appellee were not *actually*, physically, living together. The evidence shows that the appellee was living in the house with a married daughter, a Mrs. Moody, who was her child by a former husband; that Mrs. Moody was the mother of three small children; that the deceased and the appellee had formerly lived together at the Moody house, but that the deceased, some time before his injury and death, left said home and procured a room elsewhere where he slept; that he visited his wife frequently; that they were on good terms; that he gave. her money; that he did not leave said home because of any quarrel with appellee, that he left said home because of the conduct of Mrs. Moody's husband, who

was lazy and would not work and support his wife and children and thus threw their care and support very largely upon the deceased; that the said separation was only temporary. There is no evidence of any quarrel between the deceased and appellee, and we think it to be a fair inference from all the testimony that the appellee did not accompany the deceased when he left said home to lodge elsewhere because she felt it to be her duty, under the circumstances, to be with her daughter where she could assist in the care of said children.

Whether the Industrial Board made its said finding and award in this case upon the theory that the appellee and the deceased were, at the time of his death, "living together" within the meaning of first provision of said clause "a," or upon the theory that they were not, at said time, living together, but their living apart was under such circumstances that the law cast upon the deceased the obligation to support the appellee, is not of controlling influence on this appeal, as we hold that the evidence is sufficient to support an award to appellee upon either theory. We have considered each and all of the objections presented by the appellant in its brief filed herein, and find no error in either of the matters complained of.

The award is affirmed.