## SMETANKA, ETC., *v.* INLAND STEEL COMPANY.

[No. 12,922.  Filed December 8, 1927.]

1. APPEAL.—*Effect of undisputed evidence is matter of law for the court.*—Where the evidence was wholly undisputed and its truth is unchallenged by appellant, its effect becomes a matter of law for the appellate tribunal. p. 581.
2. MASTER AND SERVANT.—*Workmen's Compensation Act should be liberally construed.*—The Workmen's Compensation Act should be liberally construed, to the end that its humane purposes may be accomplished. p. 581.
3. MASTER AND SERVANT.—*Undisputed evidence held to show claimants for compensation were dependents of deceased employee.*—Undisputed evidence *held* to show, as a matter of law, that claimants for compensation under the Workmen's

Compensation Act were the widow and minor children of an employee whose death arose out of and in the course of his employment and that he had continued to contribute to their support since he left them in his native land, and, therefore, they were dependents. p. 581.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by J. F. Smetanka for the benefit of the widow and minor children of Frank Jachymek, a deceased employee of the Inland Steel Company. From an order denying compensation, the claimant appeals. *Reversed.* By the court in banc.

*Rae M. Royse, Virgil E. Whitaker* and *Bomberger, Peters & Morthland,* for appellant.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark,* for appellee.

NICHOLS, J.—This is a claim filed before the Industrial Board of Indiana, for the death of one Frank Jachymek, who came to his death while in the employ of appellee April 23, 1919, as a result of an accident arising out of and in the course of his employment. The action was brought for the benefit of appellant, who was the widow, and the minor children of said decedent, appellants Hedwig Jachymek and Frank Jachymek.

On petition of appellants, the application for compensation was amended so as to permit appellants, widow and children to prosecute their claim in their own names. On December 22, 1926, the cause was submitted to the full board, and on January 4, 1927, a majority thereof found that on April 23, 1919, while in the employment of appellee at an average weekly wage in excess of $24, Frank Jachymek received a personal injury by an accident arising out of and in the course of his employment with appellee; that said injury re-

sulted in his death on said date; that appellee had actual knowledge of the accident and injury and death on the date that it occurred; that said Jachymek left surviving him no one wholly or partially dependent upon him for support.

On this finding, an award was rendered that appellants take nothing, from which this appeal.

The substantial question presented is as to the dependency of appellants as the wife and children of the decedent. The only and undisputed evidence in this regard was by the deposition of appellant Pavlina Jachymek, by which it appears that her residence was Rakvice U. Hustopece, Moravia; that she was fifty-one years old, and was married to Frank Jachymek, at Rakvice U. Hustopece, Moravia, on September 12, 1911. There were two children born of the marriage, Hedwig Jachymek, born October 16, 1912, and Frank Jachymek, born December 23, 1913. They lived with the mother in Rakvice U. Hustopece, Moravia, Czechoslovakia, and were being supported by her. Frank Jachymek left Czechoslovakia for the United States of America on March 12, 1914. At the time of his departure, he and appellant Pavlina were living together as husband and wife, and he supported her and the children up to the time of his departure from Czechoslovakia. Thereafter she received from 300 to 400 crowns every six weeks from her husband, which money was used to support the children and herself. She received a letter from her husband every two or three weeks. All of these letters have either been lost or destroyed. She was never divorced from the said Frank Jachymek, and he never left her and she never left him with the intention of becoming permanently separated.

. This evidence is wholly undisputed and its truth is unchallenged by appellant in its brief. It is not, then,

Burwell *v.* First Nat. Bank—86 Ind. App. 581.

1-3. a question of the weight of the evidence, and its effect becomes a matter of law for the court. *First Nat. Bank* v. *Farmers, etc., Bank* (1908), 171 Ind. 323, 345, 86 N. E. 417. It has been repeatedly held by this court that the compensation act should be liberally construed to the end that its humane purposes may be accomplished. *Colgate & Co.* v. *Smith* (1926), 84 Ind. App. 473, 475, 151 N. E. 434. But we do not need to resort to this rule in this appeal to hold that appellants were clearly the dependents of Frank Jachymek, and, as such, entitled to compensation.

Reversed.

Dausman, J., absent.