PUBLIC SERVICE COMPANY OF INDIANA *v.* WISEMAN.

[No. 15,769. Filed November 18, 1936.]

*Charles D. Kelso, Evans & Hebel* and *Owen S. Boling,* for appellant.

*Lorch & Lorch,* for appellee.

WOOD, P. J.—On April 23, 1933, while in the employ of appellant, one Benjamin Wiseman suffered an injury as the result of an accident arising out of and in the course of his employment which resulted in his death April 26, 1933. On May 10, 1933, decedent's widow, Carrie Wiseman, and his son, appellee herein, then under the age of sixteen years, entered into an agree-

ment with appellant for payment of compensation for the death of said decedent on the ground that said widow and son were wholly dependent upon decedent. This agreement was approved by the Industrial Board on June 5, 1933. At the time the agreement was entered into the total dependency of the son, appellee, was based upon the fact that he was under the age of eighteen years and not upon the fact that he was physically incapacitated from earning his own support, and thus dependent upon decedent for support.

The appellee became eighteen years of age February 5, 1935. The widow, Carrie Wiseman, died April 13, 1935. Compensation was paid under the agreement to November 9, 1935. On December 27, 1935, appellant filed its application for a modification of the award entered pursuant to the agreement because of a change of conditions in this, to wit: That the appellee arrived at the age of eighteen years February 5, 1935, and that the widow Carrie Wiseman died April 13, 1935.

To this application the appellee filed a special answer, which, omitting the title and signature of attorneys, reads as follows: "The claimant, Frank Wiseman, for answer to the defendant's application for review of award on account of a change of conditions admits that on the 5th day of February, 1935, he attained the age of eighteen years, and also admits that his co-claimant, Carrie Wiseman, his mother, died April 13th, 1935.

"Claimant Frank Wiseman further says, that on the 5th day of June, 1933, the date of the original award in this case, he was sixteen years of age and physically disabled from pursuing any gainful occupation and wholly dependent upon and looked to his father, Benjamin Wiseman, deceased, for the necessities of life.

"Claimant Frank Wiseman further alleges, that ever since the date of said original award he has been totally disabled from pursuing any gainful occupation due to

his physical condition, which consists of an inability to flex the right thigh upon the body and that his right hip joint is completely ankylosed and when walking his right leg swings as his pelvis rocks back and forth and that he has no motion in any direction of his right leg, and advancement of the same can only be performed by rocking the pelvis with the limb as a unit.

"Claimant Frank Wiseman further says, that since he has attained the age of eighteen, and due to his physical condition as hereinbefore set out, that he is wholly incapacitated from earning a livelihood or from pursuing any gainful occupation which he is qualified to do.

"Wherefore, claimant prays that the original award herein be sustained as to this claimant."

On the issues thus tendered the application was heard before a single member of the Board who made a finding and award denying appellant's application and a review of this award by the full Board was requested. Upon a hearing by the full Board it made a finding, that portion thereof necessary for our consideration being as follows: "That compensation was paid under the terms of said agreement, and on April 13, 1935, Carrie Wiseman, widow, died. That compensation was paid subsequently to Frank Wiseman, son of said Benjamin Wiseman to November 9, 1935; that the said Frank Wiseman became 18 years of age February 5, 1935. That on February 5, 1935, when the said Frank Wiseman became 18 years of age, he was physically incapacitated from earning his own support. That on December 27, 1935, defendant filed its application for the review of an award on account of a change in conditions alleging that Carrie Wiseman, dependent widow of Benjamin Wiseman, had died since the date of said award; that Frank Wiseman, dependent child of the deceased, Benjamin Wiseman, became 18 years of age February 5, 1935.

"And the Full Industrial Board now finds for the

plaintiff on defendant's application to review an award because of a change in conditions; that there has been no change in the condition of the said Frank Wiseman since the original award approved by the Industrial Board on June 5, 1933; that the said Frank Wiseman, son of Benjamin Wiseman, deceased, is physically incapacitated and unable to earn his own support at the date of this hearing and has been so disabled since the death of his father, Benjamin Wiseman." On this finding the full Board entered an order in which it refused to modify the original award. From this action of the full Board appellant appeals, assigning as cause for reversal, that the award of the full Board is contrary to law.

The evidence relating to appellee's physical condition is without conflict and fully sustains the allegations of his special answer. It is also without conflict that these infirmities existed at the time of the decedent's death and that they are permanent. The evidence is uncontroverted that the appellee, at the time of the hearing, was working in a grocery store; that he had been so employed for a period of about three years and he received as pay for this service $4 per week, and some cigarettes and candy. Two doctors examined appellee and they both testified that in their opinion he was not physically able to earn a livelihood. This evidence is not in conflict.

The gist of appellant's contention, as we interpret it, is, that since the appellee was earning some compensation for his services, irrespective of the amount thereof, under the last paragraph of sec. 38 of the Workmen's Compensation Act of 1929, sec. 40-1403, Burns 1933, sec. 16414, Baldwin's 1934, when he became eighteen years of age his right to be classified as a child wholly dependent for support upon decedent at the time of his death, ceased, whether because of appellee's physical

condition he was earning an amount sufficient for his support or not, and that the award of the Industrial Board was contrary to law. The controlling question of law, says appellant, in this case is as to the intent of the legislature when it used the words "except a child physically and mentally incapacitated from earning" in said last paragraph of the section. This necessitates an examination of that portion of sec. 38, reading as follows:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

". . . . . .

"(C) A child under the age of eighteen (18) years upon the parent with whom he or she is living at the time of the death of such parent.

". . . . . .

"(E) A child over the age of eighteen (18) years who is either physically or mentally incapacitated from earning his or her own support, upon a parent with whom he or she is living at the time of the death of such parent, or upon whom the laws of the state at such time, impose the obligation of the support of such child.

". . . . . .

"In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and [the] question of partial dependency shall be determined in like manner as of date of the injury. If there is more than one (1) person wholly dependent, the death benefit shall be divided equally among them; and persons partially dependent shall receive no part thereof.

"If there is no one wholly dependent and more than one (1) person partially dependent, the death benefit shall be divided among the partial dependents according to the relative extent of their dependency.

". . . . . .

"The dependency of a child, except a child physically or mentally incapacitated from earning, shall terminate with the attainment of eighteen (18) years of age."

We do not think the interpretation of the act in accordance with appellant's contention would reflect the true intent and purpose of the legislature. The question of dependency in the instant case is an ultimate fact for the Industrial Board to find from the evidentiary facts. *Srajn* v. *Tighe Coal Co.* (1925), 83 Ind. App. 537, 149 N. E. 187; *Colgate & Co.* v. *Smith* (1926), 84 Ind. App. 473, 151 N. E. 434; *Carter* v. *Templeton Coal Co.* (1927), 86 Ind. App. 175, 156 N. E. 518. It has been repeatedly held that our compensation act should be liberally construed to the end that its humane purposes may be accomplished. *Colgate & Co.* v. *Smith, supra; Smetanka* v. *Inland Steel Co.* (1927), 86 Ind. App. 578, 158 N. E. 909. Effect should be given to all parts of the statute when it is reasonably possible to do so in harmony with the spirit and purpose of the whole act. *In re Kelley* (1917), 64 Ind. App. 594, 116 N. E. 306. This court is also committed to the doctrine that in construing the Workmen's Compensation Act a meaure of liberality should be indulged to the end that in doubtful cases neither an injured workman nor his dependents may be deprived of the benefits of the humane purpose of the compensation law. *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839.

If we were to construe section 38 as appellant would have us do, we would ignore all the precedents which this court has heretofore recognized as controlling in ascertaining the intent and purpose of the legislature when it passed the Workmen's Compensation Act. As applied to the facts relating to appellee, paragraph "(E)" and the last paragraph of the section must be construed together. When so construed it is apparent that the words "except a child physically and mentally incapacitated from earning," used in the last paragraph of the section refers to a child over the

age of eighteen years physically and mentally incapacitated from earning his or her own support. Whether or not appellee was such a child was an ultimate fact for the Industrial Board to determine from all the facts and circumstances disclosed by the evidence.

Appellant also contends that since the evidence shows that the appellee is not totally incapacitated from performing remunerative labor, the amount of compensation which he should receive is controlled by section 31 of the Act which defines compensation to be paid to employees for disability resulting from impairment of the body as the result of an injury. In this contention appellant confuses dependency and disability. Appellee's right to compensation is not based upon disability but upon dependency. There is no merit in this contention.

The award of the full Industrial Board is affirmed with the usual statutory penalty of five per cent.