**J. B. MERRITT, Plaintiff,**

v.

**Earle JOHNSON, d/b/a Earle Johnson Engineering Company, George L. Fowler, Merko Dotlich, et al. d/b/a Dotlich Brothers Company and Dotlich Brothers Construction Machinery Rental Company, Defendants,**

**Michigan Mutual Liability Company, Impleaded Defendant.**

**Earle JOHNSON, d/b/a Earle Johnson Engineering Company, Third Party Plaintiff,**

v.

**LINABURRY BLOCK CO., Inc., Third Party Defendant, Fourth Party Plaintiff,**

v.

**MICHIGAN MUTUAL LIABILITY COMPANY, Fourth Party Defendant.**

Civ. A. No. IP 59-C-168.

United States District Court
S. D. Indiana,
Indianapolis Division.

Jan. 10, 1961.

Howard Young, Jr., Mills & Huse, by Howard Young, Jr., Indianapolis, Ind., for plaintiff.

Armstrong, Gause, Hudson & Kightlinger, by Erle A. Kightlinger, Indianapolis, Ind., for Earle Johnson, d/b/a Earle Johnson Engineering Co.

Locke, Reynolds, Boyd & Weisell, by Hugh Reynolds, Sr., Indianapolis, Ind., for George Fowler, Merko Dotlich, et al., d/b/a Dotlich Bros. Co. and Dotlich Bros. Constr. Machinery Rental Co.

Cadick, Burns, Duck & Neighbours, by Floyd Burns, Indianapolis, Ind., for Linaburry Block Co., Inc.

Murray, Mannon, Fairchild & Stewart, by James J. Stewart, Indianapolis, Ind., for Michigan Mut. Liability Co.

HOLDER, District Judge.

The defendants, Earle Johnson, doing business as Earle Johnson Engineering Company (herein referred to as Johnson), George L. Fowler (herein referred to as Fowler), and Merko Dotlich, Sammy Dotlich, Mike Dotlich, and Monnie Dotlich, doing business as Dotlich Brothers Company and Dotlich Brothers Construction Machinery Rental Company (herein referred to as Dotlichs), pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., separately and severally filed their Motion for a Summary Judgment on October 25, 1960 for the dismissal of the action of plaintiff, J. B. Merritt (herein referred to as Merritt), on the ground that there is no genuine issue as to any material fact, and that the defendants are entitled to judgment as a matter of law. In support of their Motion, they filed an affidavit of E. L. Bradshaw, President of Linaburry Block Company, Inc. (herein referred to as Linaburry), and the depositions of Johnson, Charles Stafford, Fowler, and Merritt. The moving parties contend such evidence conclusively show the following:

(a) That Merritt, while an employee of Linaburry, was injured and being duly qualified, sought, and received compensation from Linaburry under the Indiana Workmen's Compensation Act of 1929 as amended (herein referred to as the Compensation Act of 1929). Each of the moving defendants, at the time of such injury to Merritt, were engaged in the conduct of Linaburry's business so as to be one of "those conducting his business" as that language is used in Section 5 of said Act (Section 40–1205, Burns' Indiana Statutes), and, therefore, under said section and Section 6 of said Act (Section 40–1206, Burns' Indiana Statutes), the remedies under the said Act are exclusive.

(b) The defendants are not "other persons" under Section 13 of the Compensation Act of 1929 (Section 40–1213, Burns' Indiana Statutes) and, therefore, the defendants are not liable as third party tort-feasors.

Pursuant to Rule 56, Merritt, in opposition to the defendants' Motion in addition to the affidavit and depositions offered by the defendants, submitted the following evidence: Certified copy of the Articles of Incorporation of Linaburry; depositions of Fowler taken October 19, 1960, Charles Franklin Stafford taken October 6, 1960, Monnie Dotlich taken November 17, 1960, and of Merritt taken October 20, 1960; transcript of the cross-examination testimony of Elbert L. Bradshaw from the trial of the fourth party action in this cause on October 13, 1960, and the transcript of the direct and cross-examination testimony of Johnson from the trial of the fourth party action in this cause on October 13, 1960. The plaintiff, Merritt, contends such evidence shows that:

(a) The plaintiff's common law right of action against the defendants on account of their negligence is specifically preserved by Section 13 of the Compensation Act of 1929 (Section 40–1213, Burns' Indiana Statutes).

(b) The Compensation Act of 1929 (Section 40–1201 through 40–1704, Burns' Indiana Statutes) is no defense to the defendants in this cause.

The plaintiff further moved to strike the third defenses of Johnson's, Fowler's, and Dotlichs' answer to the plaintiff's

second amended complaint. This Motion to Strike is considered as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. The plaintiff contends that the Compensation Act of 1929 does not support such defenses to the plaintiff's second amended complaint.

The hearing and argument was held on December 20, 1960, and no further evidence was offered by the parties.

The plaintiff's action against Johnson, Fowler, and Dotlichs is for damages proximately caused by the alleged negligent acts of commission and omission in violation of common law and statutory duty. The issues of the second amended complaint and the defendants' defenses thereto material to the Motion for Summary Judgment are as follows:

The defendants admit that Merritt was an employee of Linaburry on October 11, 1957. The defendants deny that as a proximate result of their separate and several negligent acts of commission and omission in the construction of Linaburry's concrete block plant which included the preparation and the hoisting of a large metal hopper into a steel framework erected to support such hopper about thirty-five (35) feet above ground level. Such negligence of defendants consisted of permitting or causing the hopper to fall, pinning plaintiff between the hopper and steel framework from which plaintiff suffered severe permanent injuries, losses and expenses. The defendants admit Merritt was paid compensation under the Compensation Act of 1929. The defendants deny that Johnson was constructing the Linaburry concrete block plant and directing such hopper operation as an independent contractor. The defendants admit that Fowler was the crane operator in hoisting such hopper. The defendant, Johnson, denies and the defendants, Fowler and Dotlichs, admit that the Dotlichs were in the business of furnishing heavy equipment and operators thereof. The defendants all deny that the Dotlichs furnished Johnson the crane in question operated by Fowler, as the employee of Dotlichs, or

that the Dotlichs turned over such control of the crane and operator thereof to Johnson. The issues of Johnson's third defense to the second amended complaint are that Merritt received workmen's compensation benefits from the insurer of his employer Linaburry pursuant to the Compensation Act of 1929. Johnson was acting on said project as a construction engineer for and on behalf of Linaburry in the furtherance of the construction of a building for the said Linaburry and on its account and under its supervision, control and direction and in the furtherance of its business and project and that the Compensation Act of 1929 is the exclusive, sole and only remedy available to Merritt, and that the Court herein has no jurisdiction to entertain a suit at law for damages against Johnson. The issues of Fowler's and Dotlichs' third defense to the second amended complaint are that Merritt received workmen's compensation benefits from the insurer of his employer Linaburry pursuant to the Compensation Act of 1929. Fowler was the operator of a crane rented by Dotlich to Linaburry which was paid for by Linaburry. Fowler, in the furtherance of the construction of said building for Linaburry and on its account and under its supervision, control and direction and in the furtherance of its business and project was engaged in conducting the business for and on behalf of Linaburry, and that the Compensation Act of 1929 is the exclusive, sole and only remedy available to Merritt, and that the Court herein has no jurisdiction to entertain a suit at law for damages against Fowler and Dotlichs.

The issues of the third and fourth party actions have been separately tried and are pending on Motions for New Trials. The judgment of the Court under the issues of Johnson's third party action against Linaburry was to the effect that the "Contract Agreement", hereinafter quoted, between Linaburry and Johnson obligated Linaburry to indemnify Johnson from all risk and involvement including the claims of Merritt's complaint against Johnson. The judgment of the

Court under the issues of Linaburry's fourth party action against Michigan Mutual Liability Company was to the effect that Linaburry had not ordered liability insurance for Johnson that would cover the claims of Merritt's complaint against Johnson as claimed by Linaburry.

The facts gleaned from the tendered evidence of all of the parties are briefly stated as follows:

It is undisputed that Linaburry was the sole employer of Merritt when he was injured in the course of such employment for which Merritt claimed compensation from Linaburry under the Compensation Act of 1929 and was paid compensation under said Act by Linaburry's compensation insurance carrier, Michigan Mutual Liability Company. None of the defendants were employers of Merritt and no claim for compensation under the Act was made by or paid to Merritt by defendants. The facts concerning the relationship of Johnson with Linaburry and Merritt is herein narrated. Johnson, a licensed professional engineer, was experienced in the building of buildings for the City of Indianapolis for eighteen (18) years; was a construction engineer for Fort Harrison during the latter part of World War II; has been a designer and engineer in charge of construction of buildings and warehouses; has also built houses and small buildings; was at the times in question maintaining his own business office. Before Linaburry was incorporated, on March 27, 1957, Mr. Bradshaw, one of its organizers, engaged Johnson to do some preliminary work preparatory to the constructing of a block plant at 23rd Street and Hawthorne Lane, Indianapolis, Indiana. Such work consisted of making a topographical map, some preliminary drawings and a sketch, and assisted in changing the governmental zoning of the site of the plant for heavy industry. A second set of plans, specifications and estimates were furnished to Linaburry by Johnson on May 28, 1957 which were accepted and used for the construction of the building which was started on August 14, 1957. The Articles of Incorporation of Linaburry were filed and approved by the Secretary of State of Indiana on July 30, 1957. Johnson built Linaburry's building pursuant to a written agreement which was prepared by Johnson and submitted to Linaburry when work was started on August 14, 1957, but was not executed until September 24, 1957, and it was understood that it was effective as of the day he started to work. The contract of September 24, 1957 reads as follows with underscoring added:

"Contract Agreement

"Proposed Agreement between The Linaburry Black Corporation of Indiana herinafter referred to as the Owner and Earle L. Johnson Engineering Company herinafter referred to as the Contractor relative to the construction of a Concrete Block and Products Manufacturing Plant, to be located at the North East corner of North Hawthorne Lane and the C.C.C. & St. I.R.R. or East 23rd Street, Indianapolis, Marion County, Indiana.

"Earle L. Johnson Engineering proposes to perform the following services, relative to the design and construction of a Concrete Products or Block Manufacturing Plant to be located at 2301 N. Hawthorne Lane in Indianapolis, Indiana.

"Design, write the specifications, obtain the necessary permits, perform all field and office architectural engineering services, direct and supervise all construction operations, acquire all materials for construction, all necessary equipment, all personnel and services, obtain sub-contract bids, *and co-operate with the Owners in the acquisition and installation of all machinery*, special doors, bins, conveyors, well, plumbing, electrical installation, boiler and heating system, pumps, etc., and all outside grading and paving. The Earle L. Johnson Engineering Company guarantees to abide by and perform all construction according to all

the rules, regulations, and codes of the City and State Building Ordinances and Laws. All sub-contracts will be approved by the Owner and the Owner will sign all contracts. All operations will be subject to full approval of the Owners. The Earle L. Johnson Engineering Company will be debt free in all instances.

"The Owners, The Linaburry Block Corporation of Indiana, or their representative, will pay all the costs of labor, materials, equipment, sub-contracts and services and perform the accounting for the project. They will carry all the necessary insurance, both liability and comprehensive, for the protection of the project for the protection of labor, materials, equipment, liability, theft, fire; and the Earle L. Johnson Engineering Company will be protected from all risk and involvement and any of its tools and equipment in use on the project will be fully covered.

"The Earle L. Johnson Engineering Company will be reimbursed for any monies expended for small items and services incurred in the execution of the contract.

"The Owner, The Linaburry Block Corporation of Indiana, will pay the Earle L. Johnson Engineering Company the sum of $6,500 for his execution of this contract, further the Earle L. Johnson Engineering Company will be paid a weekly fee of $150 for the duration of the job, which will be deducted from the total amount of the Contract at final settlement. Final settlement of this contract will be made 15 days after the project, as it is now designed, is completed.

\* \* \* \* \* \*

"Sept. 24, 1957
(Date)"

Johnson was performing this contract at the time of the accident and injuries to Merritt. The facts concerning the relationship of Fowler and Dotlichs with Johnson, Linaburry and Merritt is herein narrated: Dotlichs say they were called on the telephone by Johnson who said he wanted a crane equipped with an eighty (80) foot boom at 23rd Street and Hawthorne Lane, Indianapolis, Indiana. Johnson requested Dotlichs to bill the Johnson Engineering Company and send the bill to 5418 Julian Avenue, Indianapolis, Indiana. Dotlichs, on October 11, 1957, pursuant to such request sent to such address a Bay City truck crane mounted on a motor truck furnishing a truck driver who also served as an oiler who was under the direction of the crane operator, Fowler. The equipment and personnel were furnished for the hourly rental of $18.75. Dotlichs paid such personnel, withheld from their wages taxes, social security taxes, and contracted for workmen's compensation insurance coverage of them under the Indiana Compensation Act of 1929. Dotlichs were obligated for any expense of repair to such crane. Dotlichs say they previously had pursuant to similar requests of Johnson furnished such a crane and personnel on such job on October 1, 7 and 10. Work slips for such crane, on October 10 and 11, 1957, were signed by Charles Stafford, an employee of Linaburry, and the one of October 3, 1957 was signed by Johnson. All work slips for such crane bear the name Johnson Construction, Earle Johnson, or Johnson Engineering as the firm ordering the work. Dotlichs ordered its personnel including Fowler to report to Johnson on the job for their instructions and follow his orders and work under whomever Johnson told them. The bill for such equipment and personnel of Dotlichs was sent to Johnson Engineering Company, 5418 Julian Avenue, Indianapolis, Indiana, and Linaburry paid such bill by check received by Linaburry November 20, 1957 after the Merritt accident. Johnson, according to Fowler, instructed Fowler on October 11, 1957 to take orders from no one but Johnson and that he, Johnson, would give all signals which is denied by Johnson. Johnson, according to Fowler, gave all signals to Fowler at the times in question which is denied by Johnson. Mr. Bradshaw, the President of Linaburry,

says that Dotlichs were hired by the hour for the crane and the operators as an independent contractor, the crane operator was not on Linaburry's payroll. Mr. Bradshaw further says that Johnson made such arrangements with Dotlichs and consulted Linaburry who agreed thereto. The record in this case further discloses that Merritt employed counsel who filed the complaint. After the defendant, Johnson, instituted the third party proceeding against Linaburry such counsel withdrew his appearance for Merritt for the reason that there was a conflict of interest in that he was also counsel for Linaburry in other matters.

 The relationship of the parties in the quoted contract of September 24, 1957 between Linaburry and Johnson is construed as a matter of law to be that Johnson was an independent contractor of the owner Linaburry and not that of master and servant. The relationship of Johnson with Linaburry in the application of the contract under the facts was that of an independent contractor of the owner Linaburry and not that of master and servant. The relationship of Dotlichs with Linaburry under the facts was that of independent contractors of the owner Linaburry and not that of master and servant. The relationship of Fowler with Linaburry under the facts was that of an employee of the independent contractors, Dotlichs, and not that of master and servant. There are no genuine issues of material facts as to such ultimate facts.

No conclusion is reached under these facts as to whether or not Merritt could maintain his action against a fellow employee under Sections 5, 6 and 13 of the Compensation Act of 1929.

The defendants assert that they were conducting the business of Linaburry at the time of the accident and injury to Merritt within the meaning of Section 5 of the Compensation Act of 1929. The defendants further contend that the remedy of Merritt is under the compensation action by force of Sections 5 and 6 of such Act and not under Section 13 of the Act.

The pertinent parts of Sections 5, 6 and 13 of the Compensation Act of 1929 read as follows with underscoring added:
Section 5,

"Every employer who accepts or is bound by the compensation provisions of this act, * * * shall insure the payment of compensation to his employees * * *, and while such insurance * * * remains in force *he or those conducting his business shall be liable to any employee * * * for personal injury * * * by accident arising out of and in the course of employment only to the extent and in the manner herein specified.*"

Section 6,

"The rights and remedies herein granted to an employee subject to this act on account of personal injury * * * by accident shall exclude all other rights and remedies of such employee, * * * at common law or otherwise, on account of such injury * * *."

Section 13,

"Whenever an injury * * * for which compensation is payable under this act shall have been sustained under circumstances creating in *some other person than the employer* a legal liability to pay damages in respect thereto, the injured * * *, may commence legal proceedings against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act. * * *."

 It is essential to the interpretation of the Compensation Act that the sections be read together and construed as a whole in order to ascertain their meaning as well as understand the legislative intent and general philosophy of the Act. Public Service Company of Indiana v. Wiseman, 102 Ind.App. 640, 4 N.E.2d 568; Colgate & Company v. Smith, 84 Ind.App. 473, 151 N.E. 434; In re Marshall, 117 Ind.App. 203, 70 N.E.2d 772; Artificial Ice & Cold Stor-

age Co. v. Waltz, 86 Ind.App. 534, 146 N.E. 826; Taylor v. Phelan, 117 Ind. App. 40, 69 N.E.2d 145. Such has been repeatedly held by the Indiana Courts. Where reading sections of the Act separately, it would be possible to apply a different meaning which would not harmonize with another section, such sections and in the ensuing case Sections 5, 6 and 13 of the Compensation Act must be construed together so as to harmonize and give effect to each.

■ The reference to "some other person than the employer" in Section 13 means some other person than the employee's employer or those conducting his employer's business referred to in Section 5 of the Act. The question thus becomes whose business was Johnson, Dotlichs and Fowler conducting when the incident occurred.

■ An independent contractor, such as the defendants, is one who, in the course of an independent employment, undertakes to perform work subject to the right to control of the person, such as Linaburry, for whom the work is done only as to the result or product of the work, and not as to the means or methods used. Nash et al. v. Meguschar et al., 228 Ind. 216, 91 N.E.2d 361; and Clark v. Hughey, 233 Ind. 134, 117 N.E.2d 360.

There is no Indiana Appellate or Supreme Court authority interpreting Section 5 of the Act as to whether or not an independent contractor or an employee of such contractor is conducting the business of the owner when performing work under a contract between the owner and the independent contractor.

There is Indiana authority holding that under Section 13 of the Act that a doctor engaged by the employer of an employee may be sued by the employee in a common law action for the doctor's malpractice in treating a compensable injury of the employee. The doctor was held to be some other person than the employer of the injured person although the doctor was under contract with the employer. Seaton v. United States Rubber Co., 1945, 223 Ind. 404, 61 N.E.2d 177.

There is Indiana authority based on similar Sections 6 and 13 of such Act holding that an employee of an independent contractor may maintain a common law action against the employer for the negligence of his employee when the employee of the independent contract was injured in the performance of his employer's contract with the negligent employee's employer. Artificial Ice & Cold Storage Co. v. Waltz, 1927, 86 Ind.App. 534, 146 N.E. 826. This case was decided prior to the enactment of the Compensation Act of 1929. The case interpreted the Indiana Workmen's Compensation Act of 1915 as amended by the 1919 Acts which for the purposes of the instant action is the same as the Compensation Act of 1929.

■ The defendants were not conducting the business of Linaburry within the meaning of Section 5 of the Compensation Act of 1929. Merritt was not therefore limited by Sections 5 and 6 of the Compensation Act of 1929 to the remedy provided by such Act. The business of Linaburry in the described relationship with the defendants was the right to control the defendants' work only as to the result or product of the defendants' work. The business of the defendants was to control the means or methods of their work under their contracts. The defendants, Johnson and Dotlichs, in the described relationship were conducting their own respective business at the time of the happening. The defendant, Fowler, in the described relationship was conducting the business of his master, Dotlichs, at the time of the happening. Merritt is authorized by Section 13 of the Compensation Act of 1929 to the remedy of the present action against defendants.

There being no genuine issue of any material fact the plaintiff is entitled to a judgment as a matter of law on the issues of the defendants' third defenses to the second amended complaint. The defendants are not entitled to a judgment

**462**

as a matter of law on the issues of their third defenses to the second amended complaint. The plaintiff's Motion for Summary Judgment in accordance with this opinion is sustained. The defendants' Motion for Summary Judgment in accordance with this opinion is denied. The Clerk is directed to enter judgment in accordance with this opinion and the matter is continued for a trial on the merits of the remaining issues.