GERALDINE ARTHUR *v.* IRA E. ARTHUR.

[No. 1-1172A92. Filed June 14, 1973. Rehearing denied September 6, 1973. Transfer denied February 19, 1974.]

*Vernon J. Petri,* of Spencer, for appellant.

*Hickam & Hickam,* of Spencer, for appellee.

HOFFMAN, C.J.—The primary issue presented by this appeal is whether the trial court erred in granting summary judgment in favor of appellee Ira E. Arthur.

Lemuel P. Arthur and Ira E. Arthur were engaged in hauling logs for Kenneth Welty who was in the logging and timber business in Spencer, Indiana. On January 15, 1969, Lemuel was injured while he and Ira were unloading a load of logs from Ira's truck. Lemuel filed an application with

the Industrial Board for compensation against Kenneth Welty. The Industrial Board approved an agreement between the parties that Lemuel was to receive compensation payments of $51 per week from January 16, 1969. Payment was made by the compensation insurance carrier for a period of 82 weeks. The total compensation received by Lemuel was approximately $13,000.

The instant cause of action against Ira Arthur was commenced by the complaint of Geraldine Arthur, the wife of Lemuel, for the loss of consortium of her husband and praying for judgment in the amount of $90,000.

A motion for summary judgment filed by defendant Ira Arthur was granted by the trial court and judgment was entered in favor of Ira. The timely motion to correct errors filed by Geraldine was overruled and this appeal followed.

The law in Indiana is clear that a wife is entitled to recover for loss of consortium against a wrongdoer who has injured her husband. *Troue* v. *Marker* (1969), 253 Ind. 284, 252 N.E.2d 800. However, a cause of action for loss of consortium derives its viability from the validity of the claim of the injured spouse against the wrongdoer. Where, for example, the claim of the injured spouse against the alleged tort-feasor has been abrogated by statute, the right of the other spouse to recover for loss of consortium cannot exist. *Stainbrook* v. *Johnson Co. F. Bur. etc., et al.* (1954), 125 Ind. App. 487, 122 N.E.2d 884 (transfer denied). Thus, the crucial issue in the instant case is whether Lemuel has a valid cause of action against Ira.

The instant case is controlled by the following provisions of the Indiana Workmen's Compensation Act of 1929, as amended: IC 1971, 22-3-2-5, Ind. Ann. Stat. § 40-1205 (Burns 1965); IC 1971, 22-3-2-6, Ind. Ann. Stat. § 40-1206 (Burns 1965); and IC 1971, 22-3-2-13, Ind. Ann. Stat. § 40-1213 (Burns 1972 Cum. Supp.). These sections must be construed together. *Artificial Ice, etc. Co.* v. *Waltz* (1925), 86 Ind. App. 534, 146 N.E. 826, (transfer denied).

Section 40-1205, *supra*, provides, in pertinent part, as follows:

"Insurance by employers—Carrying risk without insurance.—Every employer who accepts or is bound by the compensation provisions of this act [§§40-1201—40-1414, 40-1505—40-1704], * * * shall insure the payment of compensation to his employees and their dependents in the manner hereinafter provided, * * * and while such insurance or such certificate remains in force, he or those conducting his business and his workmen's compensation insurance carrier shall be liable to any employee and his dependents for personal injury or death by accident arising out of and in the course of employment only to the extent and in the manner herein specified."

Section 40-1206, *supra*, reads as follows:

"Rights and remedies of employee under this act exclusive.—The rights and remedies herein granted to an employee subject to this act [§§40-1201—40-1414, 40-1505—40-1704] on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death."

Section 40-1213, *supra*, provides, in pertinent part, as follows:

"Liability of third person—Subrogation of employer—Lien on award to employee—Notice to employer if employee sues—Settlements—When action barred—Costs—Attorney fees—Release and satisfaction.—Whenever an injury or death for which compensation is payable under this act [§§40-1201—40-1414], shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents in case of death, may commence legal proceedings against such other person to recover damages notwithstanding such employer's or such employer's compensation insurance carrier's payment of or liability to pay compensation under this act. In such case, however, if the action against other person is brought by the injured employee or his dependents and judgment is obtained and paid, and accepted or settlement is made with such other person, either with or without

suit, then from the amount received by such employee or dependents there shall be paid to the employer, or such employer's compensation insurance carrier, the amount of compensation paid to such employee or dependents, plus the medical, surgical, hospital and nurses' services and supplies and burial expenses paid by the employer or such employer's compensation insurance carrier and the liability of the employer or such employer's compensation insurance carrier to pay further compensation or other expenses shall thereupon terminate, * * *."

In *Witherspoon* v. *Salm, Executor* (1969), 251 Ind. 575, 578, 243 N.E.2d 876, our Supreme Court was concerned with the following language of §40-1205, *supra:*

"[H]e or those conducting his business (and his Workmen's Compensation insurance carrier) shall be liable to any employee and his dependents for personal injury or death by accident arising out of and in the course of employment only to the extent and in the manner herein specified."

In interpreting the above language literally the court relieved the president, director, officer and manager of the employer-corporation from personal liability because he was a person conducting the business of the employer.

In *Merritt* v. *Johnson* (S. D. Ind. 1961), 190 F. Supp. 454, the defendants, Johnson and Dotlichs, were hired by a concrete block company to build a concrete block plant. An employee of the block company brought a personal injury action against Johnson and Dotlichs. At 461 of 190 F. Supp., it is stated:

"The reference to 'some other person than the employer' in Section 13 means some other person than the employee's employer or those conducting his employer's business referred to in Section 5 of the Act. The question thus becomes whose business was Johnson, Dotlichs and Fowler conducting when the incident occurred.

\* \* \*

"The defendants were not conducting the business of Linaburry within the meaning of Section 5 of the Compensation Act of 1929. Merritt was not therefore limited by Sections 5 and 6 of the Compensation Act of 1929 to the remedy provided by such Act. The business of Linaburry in the described relationship with the defendants was the

right to control the defendants' work only as to the result or product of the defendant's work. The business of the defendants was to control the means or methods of their work under their contracts. The defendants, Johnson and Dotlichs, in the described relationship were conducting their own respective business at the time of the happening. The defendant, Fowler, in the described relationship was conducting the business of his master, Dotlichs, at the time of the happening. Merritt is authorized by Section 13 of the Compensation Act of 1929 to the remedy of the present action against defendants."

In accordance with *Merritt*, appellant Geraldine Arthur contends that the question of whether Ira was an employee or an independent contractor makes summary judgment improper. Such contention is supported by a recent line of cases holding that summary judgment is improper where the evidence is such that conflicting inferences may reasonably be drawn as to the existence of principal-agent relationship. See *e.g.*, *Watson* v. *Tempco Transportation, Inc.* (1972), 151 Ind. App. 644, 281 N.E. 2d 131, and cases there cited.

For the purpose of the Indiana Workmen's Compensation Act an "employee" is defined in IC 1971, 22-3-6-1, Ind. Ann. Stat. § 40-1701 (Burns 1972 Cum. Supp.), as follows:

"(b) The term 'employee' as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer."

In *Clark* v. *Hughey* (1954), 233 Ind. 134, at 136-137, 117 N.E.2d 360, at 361, is found the following language:

"An independent contractor is not an employee within the meaning of the Indiana Workmen's Compensation Act. *Nash* v. *Meguschar* (1950), 228 Ind. 216, 220, 91 N.E.2d 361. In this case we approved the definition of an independent contractor given in American Jurisprudence and in *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N.E. 365, which are as follows:

'Perhaps one of the most frequently quoted is to the effect that an independent contractor is one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer, except as to the product or result of his work.' 27 Am. Jur., Independent Contractors, § 2, p. 481.

'When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer, does not render the person contracted with to do the work a servant.' *Prest-O-Lite* v. *Skeel* (1914), 182 Ind. 593, 597, 106 N.E. 365.

'The question of whether a particular workman is an employee or an independent contractor is ordinarily one of mixed law and fact.' Small, Workmen's Compensation Law of Indiana, § 4.2, p. 65."

In the instant case Welty was in the logging and timber business. Lemuel had worked for Welty for approximately two years before Ira, but both Ira and Lemuel had been hauling for Welty for approximately eight or ten years. Ira and Lemuel each owned his own truck.

The equipment on the trucks such as chains, cant hooks and boomers, belonged to Ira and Lemuel. Ira and Lemuel hauled for Welty whenever Welty wanted them, but were free to haul for somebody else if they wanted to. They were paid every Saturday, and were paid for the number of feet per log of the logs they hauled. Federal and State taxes were not withheld from their pay, and compensation insurance was deducted by Welty at the rate of $3 per $100. Welty loaded the trucks in his woods with his own equipment. Then Lemuel and Ira would haul the logs to the log yard of Welty or to a sawmill which was designated by Welty.

From the above evidence, together with the remainder of the evidence contained in the record before us, conflicting inferences may reasonably be drawn as to whether Ira was an employee or an independent contractor. The question was one for the trier of fact. The de-

termination by the Industrial Board that Lemuel was an employee under the Workmen's Compensation Act is not determinative of the relationship of Ira.

The judgment of the trial court is reversed with instructions to render further proceedings consistent with this opinion.

Judgment reversed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 296 N.E.2d 912.