**Samuel D. STEVENS, Appellant (Plaintiff Below),**

v.

**Louis E. KIMMEL, M. D., Appellee (Defendant Below).**

No. 3–1078A268.

Court of Appeals of Indiana, Third District.

Sept. 20, 1979.

Rehearing Denied Oct. 31, 1979.

Calvin K. Hubbell, Valparaiso, for appellant.

G. Edward McHie, Hammond, George W. Gessler, Terence E. Flynn, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for appellee.

STATON, Judge.

On February 13, 1973, Samuel D. Stevens sustained a fractured right tibia and fibula in the course of his employment as a millwright at Bethlehem Steel Corporation's plant in Burns Harbor, Indiana. Following the injury, Stevens was taken to Bethlehem Steel's medical clinic, where he was examined by Louis E. Kimmel, M.D., a physician employed by the corporation. Kimmel's treatment of the broken leg culminated in surgery, whereby a metal "compression plate" was inserted in Stevens' leg to facilitate the healing process and to strengthen the damaged limb. Stevens subsequently began experiencing pain in his right leg; an examination of the limb revealed that the tibia had again been fractured.

Stevens then filed a common law medical malpractice action against Dr. Kimmel,

alleging that Kimmel's negligence in treating the leg had caused the second fracture. Kimmel responded with a Motion to Dismiss the cause predicated on the argument that Stevens' exclusive remedy was Workmen's Compensation. The trial court granted Kimmel's motion. Stevens appeals from that decision and presents the following issue for our review:

> Whether Indiana's Workmen's Compensation Act bars a common law medical malpractice action against a company physician for his negligent treatment of an employee's work-related injury?

We conclude that it does not, and we reverse the trial court.

■ The Workmen's Compensation Act constitutes the exclusive remedy for employees who, in the course of their employment, sustain work-related injuries as a result of their employers' negligence. IC 1971, 22–3–2–6, Ind.Ann.Stat. § 40–1206 (Burns Code Ed.). The exclusivity of Workmen's Compensation as a remedy for injuries suffered by an employee generally encompasses circumstances wherein the employee is injured by the acts of a co-employee. *O'Dell v. State Farm Auto Ins. Co.* (1977), Ind.App., 362 N.E.2d 862; *Burkhardt v. Wells* (1966), 139 Ind.App. 658, 215 N.E.2d 879. Since the inception of the Act in 1929, however, Indiana employees whose work-related injuries were sustained at the hands of a third party have been permitted to seek redress under the common law. *Merritt v. Johnson* (7 Cir., 1961), 190 F.Supp. 454, interpreting IC 1971, 22–3–2–13, Ind.Ann.Stat. § 40–1213 (Burns Code Ed.). Common law negligence suits against independent contractors performing work for the employer have accordingly been held to be consistent with the provision of Indiana's Workmen's Compensation Act. *Merritt v. Johnson, supra.*

The present day version [1] of IC 1971, 22–3–2–13, *supra,* upon which the vulnerability of independent contractors to common law negligence suits is predicated, reads in relevant part:

> "Whenever an injury or death, for which compensation is payable under chapters 2 through 6 [22–3–2–1—22–3–6–3] of this article shall have been sustained under circumstances creating in *some other person than the employer and not in the same employ* a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages . . . ." (Emphasis added.)

IC 1971, 22–3–2–13 (Burns Code Ed., Supp. 1978). Stevens contends that Kimmel, in his role as company physician, should be regarded as an independent contractor for purposes of Workmen's Compensation Law.[2] Kimmel asserts that the language of IC 1971, 22–3–2–13. *supra,* "not in the same employ" excludes company physicians from the ambit of independent contractor status, thereby precluding Stevens' common law medical malpractice suit.

The precise question presented here was recently addressed by the Court of Appeals for the Fourth District in *Ross v. Schubert* (1979), Ind.App., 388 N.E.2d 623. In *Ross,* as in the instant case, an employee of International Harvester had filed a medical malpractice action against three company physicians for injuries allegedly caused by the doctors' negligence. At trial, the court had instructed the jury that if it found that the defendant doctors were "employees" of International Harvester, then the physicians were immune from suit—and a verdict in their favor must be returned. On appeal from an adverse verdict, employee Ross challenged the propriety of the instruction.

1. 'The statute was amended in 1963 to include the words "not in the same employ". Acts 1963, Ch. 387, § 3 p. 1025.

2. Stevens has also tendered the argument that company physicians are vulnerable to common law malpractice liability on a "dual capacity" theory. Inasmuch as our decision here is based on the conclusion that a company physician is an "independent contractor," we do not address Stevens' dual capacity arguments. *See,* however, T. Paris, *The Malpractice Liability of Company Physicians,* 53 Ind.L.J. 585 (1978).

Based on its analysis of the legislature's intent in enacting the Workmen's Compensation scheme, together with an examination of the nature of the practice of medicine and the responsibilities inherent thereto, the Fourth District concluded that a company physician was an independent contractor within the meaning of the Act. Writing for the unanimous Court, Judge Chipman stated:

"The liability of these physicians arose from their independent exercise of medical judgment, that is, it arose from their doctor-patient relationship with Ross and not from the employer-employee relationship which the Act was designed to regulate. We have not permitted physicians to escape liability by working for hospitals or forming medical corporations, and it is our opinion that the Workmen's Compensation Act was, likewise, never intended to abrogate the rights of an employee who stands in the shoes of a patient, from suing a doctor who treats him.

"This court is not persuaded that we should sanction protection of company physicians while at the same time hold liable independent physicians who provide identical services. In either circumstance, the liability arises because of the individual doctor's exercise of medical judgment. Where that judgment is exercised, i. e., upon the company's premises as opposed to the physician's private office, should not be the determinative factor as to whether or not an individual may bring an action for medical malpractice since in both instances, the physician controls the manner of medical treatment. To hold otherwise would encourage the company physician to be less assiduous.

\* \* \* \* \* \*

"We find nothing in our Workmen's Compensation Act which indicates the Act was intended to shield a physician from the legal obligations entailed by the doctor-patient relationship. We, therefore, hold that these physicians were not immune from liability by virtue of IC 22–3–2–13 when they engaged in the practice of medicine. . . ." (Footnotes omitted).

 We adopt the rationale of the Fourth District in *Ross v. Schubert, supra,* and hold that a company physician is an "independent contractor" within the meaning of Workmen's Compensation Law. The trial court erred when it dismissed Stevens' complaint.[3]

Reversed.

GARRARD, P. J., and HOFFMAN, J., concur.

---

**3.** We note that *Ross v. Schubert, supra,* was decided subsequent to the trial court's dismissal of Stevens' complaint.